ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUIS F. SANTA RIVERA<br><br>Apelada<br><br>v.<br><br>HOSPITAL UPR DR. FEDERICO TRILLA<br><br>Apelante | **KLAN202400029** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm. FDP2015-0109<br><br>Sobre: Sentencia Declaratoria; Obligación de la Aseguradora de Proveer Defensa a su Asegurado e Inaplicabilidad de Exclusiones |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Salgado Schwarz[1], y el Juez Pagán Ocasio.

Bonilla Ortiz, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de agosto de 2024.

Comparece Servicios Médicos Universitarios, Inc. (en adelante, SMU o apelante) y solicita que revisemos la *Sentencia Parcial* emitida el 8 de noviembre de 2022 y notificada el 15 de noviembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante el referido dictamen, el foro primario declaró Ha Lugar la solicitud de sentencia sumaria presentada por Triple S Propiedad, Inc. (en adelante, Triple-S o apelada).

Por los fundamentos que se exponen a continuación, **REVOCAMOS** la *Sentencia Parcial* apelada.

---

[1] En virtud de la Orden Administrativa OATA-2024-011, se designó al Hon. Carlos G. Salgado Schwarz, en sustitución de la Hon. Olga E. Birriel Cardona.

# I.

A continuación, se presenta el tracto procesal relevante a la controversia que nos ocupa.

El caso de epígrafe inició el 17 de abril de 2015 cuando el señor Luis Santana Rivera, la señora Norma Iris Santana Rivera, la señora Evelyn Rosario Ortiz, el señor Danny Ríos Soto, el señor Omar Rodríguez Valdivia, el señor William González, el señor Jorge Campudoni, la señora Cristina Álvarez Tran y el señor William Colón, presentaron seis (6) *Demandas* sobre daños y perjuicios en contra de SMU, Triple-S y otros.[2] Posteriormente, las referidas demandas fueron enmendadas.[3] Ante esto, el 18 de noviembre de 2015, el foro primario emitió y notificó, el 11 de diciembre de 2015, la *Minuta-Resolución* mediante la cual ordenó la consolidación de los seis (6) casos.[4]

Esencialmente, en las referidas *Demandas* se alegó que varios familiares fallecieron como consecuencia directa por el contagio de la bacteria Acinetobacter Baumannii (ABCx) en las instalaciones del Hospital de la Universidad de Puerto Rico, Dr. Federico Trilla (en adelante, Hospital UPR) y, por ello, solicitaron indemnización por los daños sufridos como resultado de dichas muertes.

Por otra parte, el 16 de enero de 2016, SMU presentó una Demanda Coparte contra Triple-S mediante la cual reclamó que le proveyera defensa al amparo del Contrato de Seguro existente entre ellos.

---

[2] *Demandas*, págs. 1-97 del apéndice del Recurso de Apelación.
[3] *Demandas Enmendadas*, págs. 461-579 del apéndice del Recurso de Apelación.
[4] *Minuta-Resolución*, págs. 586-591 del apéndice del Recurso de Apelación.

En consecuencia, el 6 de octubre de 2016, Triple-S contestó dicha Demanda Coparte.

Tras varias incidencias procesales, el 14 de septiembre de 2016, SMU presentó una moción de solicitud de sentencia sumaria. Allí, SMU solicitó que se le ordenara a Triple-S proveerle defensa en el pleito de epígrafe y, a su vez, pagara los gastos incurridos hasta ese momento, así como los que incurrieran durante el proceso, conforme a la obligación contractual.

Luego, el 1 marzo de 2017, Triple-S se opuso a la solicitud de sentencia sumaria y argumentó que aplicaban las siguientes Clausulas de Exclusión del Contrato de Seguro: (1) "Fungi or Bacteria", (2) "Services Furnished by Health Care Providers", (3) "Communicable Disease", y (4) "Designated Professional Exclusion".

Así las cosas, el foro primario emitió, el 30 de junio de 2017, y notificó, el 13 de junio de 2017, una *Sentencia Parcial* en la cual declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por SMU.[5] De manera específica, el foro primario determinó que no aplicaba la Cláusula de Exclusión sobre "Fungi or Bacteria" del Contrato de Seguro. Por lo tanto, el foro primario ordenó a Triple-S proveer a SMU cubierta dentro de los límites del Contrato de Seguro y defensa en el pleito, incluyendo los gastos incurridos. Además, el foro primario hizo constar las siguientes determinaciones de hechos esenciales y pertinentes incontrovertidos:

> 2. SMU y Triple-S suscribieron el contrato de seguros de cubierta comercial 30-CP-81042699-0/000 para el período comprendido entre el 27 de marzo de 2011 y el 27 de marzo de 2012. […]

---

[5] *Sentencia Parcial*, págs. 1832-1843 del apéndice del Recurso de Apelación.

3. SMU y Triple-S suscribieron el contrato de seguros de cubierta comercial 30-CP-81042699-0/000 para el período comprendido entre el 27 de marzo de 2012 y el 27 de marzo de 2013. […]

4. SMU y Triple-S suscribieron el contrato de seguros de cubierta comercial 30-CP-81042699-0/000 para el período comprendido entre el 27 de marzo de 2013 y el 27 de marzo de 2014. […] En lo sucesivo nos referimos conjuntamente a dichos contratos como el Contrato de Seguro.

5. Los antes dichos contratos de seguros contienen esencialmente el mismo lenguaje. La única diferencia es el periodo de vigencia de cada uno. […]

7. Conforme con los términos y condiciones del Contrato de Seguro, Triple S se obligó a proveer cubierta y defensa a SMU por cualquier reclamación en su contra por lesión corporal ("bodily injury") o daño a la propiedad ("propiedad damage") causado por una ocurrencia ("occurrence") dentro del territorio y durante la vigencia del mismo, con la salvedad de que la obligación de defensa no se extiende a reclamaciones no cubiertas por la póliza.

8. Esta obligación esta recogida en la Sección 1 de la forma CG 00 01 10 01 denominada "COVERAGES". La cubierta A de dicha sección lee como sigue:
    "Coverage A Bodily Injury and Property Damage Liability
    a. Insuring Agreement
       We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…"
[…]

11. El Contrato de Seguros contiene varias exclusiones a la obligación de proveer cubierta y defensa, entre las que se encuentran: la de hongo o Bacteria ("Fungi or Bacteria"), la de servicios provistos por profesionales de la salud (Services Furnished by Health Care Providers"), la de enfermedades transmisibles ("Communicable Disease"), y la de servicios profesionales ("Designated Professional Exclusion").

12. La exclusión por hongo o bacteria ("Fungi or Bacteria Exclusion") contenida en el endoso CG 21 67 04 02 del Contrato de Seguros lee como sigue:
    "This insuranse does not apply to:
    Fungi or Bacteria

a. "Bodily Injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure including its contents, regardless of whether any other cause, event material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects, of "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" bacteria that are, are on, or are contained in, a good or product intended for consumption."

[…]

15. La exclusión por servicios profesionales ("Designated Professional Services Exclusion") contenida en el endoso CG 21 16 07 98 del contrato de seguro lee como sigue:
"Description of Professional Services:

…This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service".

En desacuerdo, el 27 de julio de 2017, Triple-S presentó una *Moción de Reconsideración […]*, en la cual sostuvo que el foro primario erró al analizar únicamente una de las cuatro cláusulas de exclusión del Contrato de Seguro alegadas en oposición a la solicitud de sentencia sumaria.

Así las cosas, el 18 de diciembre de 2017, el foro primario concedió termino de 20 días a SMU para replicar la referida moción de reconsideración.

Tras múltiples trámites procesales, el 31 de agosto de 2021, Triple-S presentó una *Moción de Sentencia Sumaria Parcial en cuanto a las Alegaciones del Hospital*

*Universitario Federico Trilla*.[6] Sustancialmente solicitó la aplicación de las exclusiones sobre servicios profesionales y servicios médicos contenidas en los contratos de seguros otorgados entre ello y SMU, conforme a lo establecido en Rivera *Matos et al. V. Triple-S et al.,* 204 DPR 1010(2020).

Consecuentemente, el 22 de noviembre de 2021, SMU presentó su *Oposición a la Moción en Solicitud de Sentencia Sumaria Parcial de Triple S Propiedad*.[7] En esencia argumentó que el foro primario estaba impedido de dictar sentencia sumaria por no existir prueba que establezca un nexo causal entre la existencia de la bacteria y la falta de limpieza del Hospital UPR. Además, afirmó que solicitud de sentencia sumaria era prematura y, por ello, eran inaplicables las exclusiones de la póliza de seguros.

Finalmente, el foro primario emitió *Sentencia Parcial*, el 8 de noviembre de 2022 y notificó el 15 de noviembre de 2022, mediante la cual declaró Ha Lugar la solicitud de sentencia sumaria presentada por Triple-S.[8] En otras palabras, dicha sentencia tuvo el efecto de desestimar con perjuicio las causas de acción. No obstante, el foro primario no especificó los hechos probados ni las conclusiones de derecho en la referida sentencia conforme a *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).

---

[6] *Moción de Sentencia Sumaria Parcial en cuanto a las Alegaciones del Hospital Universitario Federico Trilla,* págs. 1511-1525 del apéndice del Recurso de Apelación.
[7] *Oposición a la Moción en Solicitud de Sentencia Sumaria Parcial de Triple S Propiedad*, págs. 1775-1795 del apéndice del Recurso de Apelación.
[8] *Sentencia Parcial*, págs. 1796-1799 del apéndice del Recurso de Apelación.

Insatisfecho, el 30 de noviembre de 2022, SMU presentó una *Moción en Solicitud de Reconsideración*.[9] Allí argumentó que la moción dispositiva presentada por Triple-S no establece hechos incontrovertidos que motiven a concluir que la falta de limpieza en el Hospital causó la propagación de la bacteria. Además, SMU alegó que Triple-S tenía el deber de defensa legal.

Por ello, el foro primario emitió *Resolución*, el 6 de diciembre de 2023 y notificó el 11 de diciembre de 2023, mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.[10]

Inconforme con la *Sentencia Parcial*, el 10 de enero de 2024, SMU presentó el recurso que nos ocupa y señaló la comisión de los siguientes errores:

A. Erró el TPI al aplicar el escrutinio incorrecto al análisis de si procede exigir el deber de defensa a una aseguradora y al no conceder la liberalidad en la interpretación de las cláusulas contractuales a favor del Asegurado.

B. Erró el TPI al no concluir que las exclusiones de cubierta por "servicios profesionales" y "servicios provistos por proveedores de salud" de la Póliza emitida por Triple S no pueden categóricamente excluir la posibilidad de cubierta pues, según la jurisprudencia aplicable, no todos los servicios provistos por SMU pueden clasificarse como "servicios profesionales" y al no considerar que no existe prueba para establecer que existe un nexo causal entre la existencia de la bacteria Acinetobacter Baumanii ("ABCx"), la falta de limpieza en el hospital UPR Federico Trilla ("Hospital") y que hubiese causado la muerte de los causantes de los demandantes.

C. Erró el TPI al no considerar que lo resuelto en el caso <u>Rivera Matos et al v. Triple-S Propiedad, Inc. y ACE Insurance Company</u>, 2020 TSPR 89 no tiene efecto retroactivo sobre la Sentencia, dictada el 30 de junio de 2017 declarando con lugar la solicitud de sentencia sumaria que presentó SMU y en consecuencia declara ha lugar la demanda contra coparte de SMU, ordenando a Triple-S que provea a SMU cubierta dentro de los límites del Contrato de Seguro y defensa: incluyendo sufragar los gastos de defensa incurridos por SMU hasta el

---

[9] *Moción en Solicitud de Reconsideración,* págs. 1800-1811 del apéndice del Recurso de Apelación.
[10] *Resolución*, págs. 1829-1831 del apéndice del Recurso de Apelación.

momento más los gastos que se incurran por este concepto mientras concluye el trámite judicial de este pleito.

Así las cosas, el 19 de enero de 2024, Luis Santa Rivera y Norma Santa Rivera presentaron una *Moción de Desestimación Parcial de Apelación a tenor con la Regla 83 (B)(1), (4) y (5) del Reglamento del Tribunal de Apelaciones*. Allí solicitaron la desestimación particular del error B señalado por el apelante debido a que es una controversia ya atendida por los tres foros judiciales de nuestro país.

Oportunamente, el 9 de febrero de 2024, el apelado presentó su *Alegato en Oposición*.

Por otra parte, el 12 de febrero de 2024, SMU presentó su *Oposición a Solicitud de desestimación Parcial*. Mediante esta, alegó que no procede la desestimación ni se puede atribuir responsabilidad, en virtud de que el foro primario no podido evaluar la prueba testifical y pericial con relación a los 6 casos consolidados.

Ante esto, el 15 de febrero de 2024, emitimos una *Resolución* mediante la cual declaramos *No Ha Lugar* la solicitud de desestimación del recurso de epígrafe.

En desacuerdo, el 16 febrero de 2024, Luis Santa Rivera y Norma Santa Rivera presentaron una *Moción de Reconsideración*.

En consecuencia, el 20 febrero de 2024, SUM presentó su *Oposición a Moción de reconsideración*.

No obstante, el 13 de marzo de 2024, emitimos *Resolución* mediante la cual declaramos *No Ha Lugar* la solicitud de reconsideración.

Posteriormente, el 5 de abril de 2024, Luis Santa Rivera y Norma Santa Rivera presentaron una *Moción*

*Solicitando Suspensión a tenor con la Regla 18(A) del Reglamento del Tribunal de Apelaciones.* Mediante la cual argumentaron que era necesario suspender los procesos ante el foro primario, ya que se encuentra en apelación una sentencia de dicho foro que, de ser revocada, tendría el efecto de traer nuevamente a Triple-S.

A esos efectos, el 15 de abril de 2024, emitimos una *Resolución* en cual ordenamos la paralización de los procedimientos en los 6 casos consolidados.

Luego, el 31 de julio de 2024, emitimos una Resolución mediante la cual ordenamos a las partes a mostrar causa por la cual no debíamos revocar la Sentencia Parcial apelada por entender que existe cosa juzgada respecto a la Sentencia Parcial emitida por el foro primario el 30 de junio de 2017.

En cumplimiento de Orden, el 6 de agosto de 2024, el apelante presentó *Moción en Cumplimiento de Resolución*. En la misma fecha, la apelada presentó su *Moción Mostrando Causa*.

Ante esto, el 7 de agosto de 2024, emitimos una Resolución en la cual solicitamos al Tribunal de Primera Instancia copia de todas las resoluciones, ordenes, minutas y sentencias entre el 1ero de diciembre de 2017 al 1ero de julio de 2020.

El 16 de agosto de 2024, recibimos copias certificadas de todas las resoluciones, órdenes y minutas emitidas dentro del periodo de tiempo solicitado por parte del foro primario.

Con el beneficio de los escritos de las partes, damos el recurso por perfeccionados y procedemos a resolverlo.

**II.**

La moción de reconsideración es el mecanismo que provee nuestro ordenamiento jurídico para permitir que se modifiquen órdenes, resoluciones y sentencias. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Pubs. JTS, 2011, T. IV, pág. 1366. El término para acudir en alzada al Tribunal de Apelaciones puede interrumpirse con la oportuna presentación de una moción de reconsideración, al amparo de la Regla 47 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 47. La referida disposición establece todo lo relacionado a la presentación de una moción de reconsideración. Véase, *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 165 (2016); *Morales y otros v. The Sheraton Corp.*, 191 DPR 1 (2014).

En lo pertinente, sobre la presentación de la moción de reconsideración, la Regla 47 de Procedimiento Civil, *supra*, dispone que:

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

Así también, establece que quien presente una moción de reconsideración tiene la obligación de notificar su presentación a todas las partes involucradas en el caso, dentro del mismo periodo de tiempo con que cuenta para su presentación. Además, dispone que "[l]a moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir." Regla 47 de Procedimiento Civil, *supra*.

Respecto a la obligación de notificar la presentación de la moción a todas las partes, la referida regla establece que "[l]a moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto."

Los términos para acudir en revisión de la sentencia comenzarán a transcurrir nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución que adjudicó la moción de reconsideración. Véase, Reglas 47 de Procedimiento Civil, *supra*.

Sobre los términos de cumplimiento estricto, cabe destacar que un tribunal no goza de discreción para prorrogarlos de modo automático. *Rivera Marcucci et al. v. Suiza Dairy*, supra. En *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013), el Tribunal Supremo reiteró que, si bien los términos de cumplimiento estricto pueden ser prorrogados por los tribunales, es necesario que la parte promovente acredite "justa causa"; es decir, las razones que le impidieron cumplir el requisito en el término reglamentario dispuesto. Sobre lo que constituye justa causa, el Alto Foro expresó que ello se acredita "con explicaciones concretas y particulares -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa." *Soto Pino v. Uno Radio Group,* 189 DPR, pág. 93; *Febles v. Romar,* 159 DPR 714, 720 (2003).

**III.**

De un examen de los autos de este caso, surge que el Tribunal de Primera Instancia incumplió con la Regla 47 de Procedimiento Civil, *supra.*

Reseñamos en el ápice I de esta Sentencia que, el 15 de noviembre de 2022, el foro primario notificó una *Sentencia Parcial* mediante la cual declaró *Ha Lugar* una solicitud de sentencia sumaria presentada por Triple-S, el 31 de agosto de 2021. En la referida solicitud de sentencia, la apelada argumentó que no tenia el deber de defensa respecto a SMU, su asegurado, en virtud de la Cláusula de Exclusión de Responsabilidad del Contrato de Seguro.

En desacuerdo, SMU presenta el recurso que nos ocupa y formula tres (3) señalamientos de error. En síntesis, el apelante plantea que el foro primario erró al aplicar el escrutinio incorrecto al análisis sobre si procede exigir el deber de defensa a una aseguradora y al no interpretar con liberalidad las cláusulas contractuales a favor del asegurado. Además, el apelante argumenta que no todos los servicios que provee son servicios profesionales. Añadió que no existe prueba que demuestre un nexo causal entre la existencia de la bacteria, la falta de limpieza en el Hospital UPR y las muertes del caso de epígrafe. Finalmente, el apelante sostiene que lo resuelto *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010 (2020), no tiene efecto retroactivo.

No obstante, del expediente surge que el foro primario había notificado inicialmente una *Sentencia Parcial* el 13 de julio de 2017. Mediante la referida sentencia, el foro primario declaró *Ha Lugar* una

solicitud de sentencia sumaria presentada por SMU, el 14 de septiembre de 2016. Precisamente, en tal moción de sentencia sumaria, SMU había argumentado que procedía que Triple-S pagara los gastos de litigio del presente pleito, en virtud de su deber de defensa consignado en el Contrato de Seguro. De manera que la Sentencia Parcial, emitida al respeto, tuvo el efecto de ordenar a Triple-S a proveer la cubierta del Contrato de seguro sobre la defensa y los gastos incurridos. Inconforme, el 27 de julio de 2017, Triple-S presentó una *Moción de Reconsideración.*

Ante esto, es importante recordar que, la Regla 47 de Procedimiento Civil, *supra*, establece que el mecanismo de moción de reconsideración permite modificar ordenes, resoluciones y sentencia. Además, la referida regla establece que el término para apelar queda interrumpido con la presentación oportuna de una moción de reconsideración y, comienza a transcurrir nuevamente tras la fecha del archivo en autos de copia de la notificación de la resolución que adjudique tal moción de reconsideración.

Con el propósito de dirimir este asunto, solicitamos al Tribunal de Primera Instancia copia de todas las resoluciones, ordenes, minutas y sentencias entre el 1ero de diciembre de 2017 al 1ero de julio de 2020. Sin embargo, no surge de nuestro expediente ni de las copias certificadas remitidas por el Tribunal de Primera Instancia, que se resolviera la moción de reconsideración presentada el 27 de julio de 2017. De manera tal que, la *Sentencia Parcial* notificada el 13 de julio de 2017 no es final y firme, puesto que el término

para apelar fue interrumpido con la presentación de una moción de reconsideración conforme a derecho.

En resumen, toda vez que el Tribunal de Primera Instancia nunca resolvió la moción de reconsideración presentada por Triple-S, esta se encuentra pendiente. Por tanto, el foro primario estaba impedido de atender una segunda solicitud de sentencia sumaria sobre el mismo asunto entre las mismas partes, sin antes disponer de la moción de reconsideración que aún sigue pendiente.

Por lo cual, es forzoso concluir que el foro primario incumplió con la Regla 47 de Procedimiento Civil, *supra,* y procede devolvamos el caso de epígrafe para la continuación de los procedimientos.

### IV.

Por los fundamentos antes expuestos, **revocamos** la *Sentencia Parcial* apelada notificada el 15 de noviembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de Carolina. Además, **devolvemos** el caso al foro primario para que adjudique la moción de reconsideración de 27 de julio de 2017 conforme a derecho.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones